**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOSEPH OSTOPICK,

    Plaintiff,

        v.

KEITH MCFARREN, et al.,

    Defendants.

CIVIL ACTION NO. 3:12-861

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is a Complaint filed by Plaintiff Joseph Ostopick (Doc. 1). Because the Complaint fails to establish that this Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

### **I. Background**

Plaintiff brings this action alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1, ¶ 8.) Defendant Keith McFarren is alleged to be "an adult individual and resident of a state other than the Commonwealth of Pennsylvania with an address at 51 Overlook Drive, Litchfield, Maine 04350-3265." (Doc. 1, ¶ 2.) Defendants Whited Ford Truck Center, Whited Ford Truck Center, Inc., Whited Peterbuilt of Maine, and Whited Truck Center are all averred to be "corporations organized under the laws of a state other than the Commonwealth of Pennsylvania with a business address at 207 Perry Road, Bangor, Maine." (Doc. 1, ¶¶ 3-6.)

### **II. Discussion**

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiffs allege that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different

state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

**A.    Citizenship of Individual Defendant**

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir.2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S.Ct. 164, 59 L.Ed. 360 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir.1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758 (1914).

To the extent the Complaint alleges that Defendant McFarren is a "resident" of a state other than Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir.1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity") (internal citations omitted). The Court therefore finds that the Complaint has not properly alleged

Defendant McFadden's citizenship for the purposes of diversity jurisdiction.

**B.   Citizenship of Corporate Defendants**

The Complaint also fails to properly allege the citizenship of the corporate Defendants.  A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has *"its* principal place of business."  *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business").  A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

Here, Plaintiff's Complaint indicates that the corporations are organized under the laws of a state other than Pennsylvania. (Doc. 1, ¶¶ 3-6.)  Moreover, the corporate Defendants are only alleged to have "a business address" in Maine. (Doc. 1, ¶¶3-6.)  In order to properly plead the citizenship of these corporations, Plaintiff must allege the principal place of business and state of incorporation of each corporation.  And, an allegation that a corporation has "a business address" in Maine, is an insufficient allegation of the corporation's principal place of business. *See, e.g., Lincoln v. Magnum Land Serv., LLC*, No. 12-576, 2012 WL 1144658 (M.D. Pa. Apr. 2, 2012).  As the Complaint does not properly allege the corporate Defendants state of incorporation or principal place of business, the Court cannot determine whether there is proper jurisdiction over these Defendants.

### III. Conclusion

For the above stated reasons, the Complaint fails to adequately plead the citizenship of Defendants.  As Plaintiff has not shown that complete diversity of citizenship exists

between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, pursuant to 28 U.S.C. § 1653, Plaintiff will be permitted the opportunity to demonstrate that diversity-of-citizenship jurisdiction exists, thereby saving the Complaint. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts."). As such, Plaintiff will be given twenty-one (21) days in which to file an amended complaint. Failure to do so will result in the dismissal of this action.

    An appropriate order follows.


 May 15, 2012                                                                  /s/ A. Richard Caputo  
Date                                                                              A. Richard Caputo  
                                                                                   United States District Judge